FILED _____ LODGED _____ RECEIVED
JUL 06 2020
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JULIO W. HAYES,<br><br>Defendant. | NO. CR21-5094 RJB<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Justin W. Arnold and Michael Dion, Assistant United States Attorneys, Defendant Julio W. Hayes and Defendant's attorney, John Carpenter, Assistant Federal Public Defender, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in the Indictment:

    a.    Extortion Under Color of Official Right, as charged in Count 1, in violation of Title 18, United States Code, Section 1951(a).

Plea Agreement - 1
U.S. v. Julio W. Hayes, CR21-5094 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

By entering plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense**. The elements of the offense to which Defendant is pleading guilty are as follows:

    a.    The elements of Extortion Under Color of Official Right, as charged in Count 1, in violation of Title 18, United States Code, Section 1951(a), are as follows:

*First*, the defendant is a public official;

*Second*, the defendant obtained money that the defendant knew he was not entitled to receive;

*Third*, the defendant knew that the money was given in return for taking some official action; and

*Fourth*, commerce or the movement of an article or commodity in commerce from one state to another was or would have been affected in some way.

3. **The Penalties.** Defendant understands that the statutory penalties applicable to the offense to which he is pleading guilty are as follows: for the offense of Extortion Under Color of Official Right, as charged in Count 1: A maximum term of imprisonment of twenty (20) years, a fine of up to two hundred fifty thousand dollars ($250,000), a period of supervision following release from prison of up to three (3) years, and a mandatory special assessment of one hundred dollars ($100). If a probationary sentence is imposed, the probation period can be for up to five (5) years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally

Plea Agreement - 2
*U.S. v. Julio W. Hayes*, CR21-5094 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of Defendant's peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

Plea Agreement - 3
U.S. v. Julio W. Hayes, CR21-5094 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

h. The right to appeal a finding of guilt or any pretrial rulings.

5. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

Plea Agreement- 4
*U.S. v. Julio W. Hayes*, CR21-5094RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

7. **Statement of Facts.** The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offense or offenses:

   a. From November 13, 2018, to March 6, 2020, defendant Julio W. Hayes was a public official. During this time, he was employed as a Juvenile Rehabilitation Security Officer at Green Hill School, a medium/maximum juvenile rehabilitation facility run, overseen and subject to Washington State Department of Children, Youth, and Families ("DCYF") and Washington State Department of Corrections ("DOC") regulations.

   b. When defendant Julio W. Hayes was hired as a Juvenile Rehabilitation Security Officer he completed DCYF new employee orientation and the Washington State Ethics in State Government course. During these and other trainings, defendant Julio H. Hayes was trained on the prohibition of introducing contraband into Green Hill School and on the prohibition on accepting or soliciting bribes.

   c. As a Juvenile Rehabilitation Security Officer, defendant Julio W. Hayes knew that he was prohibited from introducing contraband, including tobacco, narcotics, and mobile phones, into Green Hill School.

   d. Between August 2018 and on or about February 25, 2020, defendant Julio W. Hayes smuggled and attempted to smuggle contraband, including tobacco, marijuana, and three mobile phones (two Apple iPhones and one Samsung Galaxy) into Green Hill School in exchange for money defendant Julio W. Hayes was not entitled to receive. The money and contraband were provided to him from GHS residents or from associates of GHS residents.

   e. The tobacco, Apple iPhones, and Samsung Galaxy defendant Julio W. Hayes smuggled into Green Hill School were manufactured outside Washington State and are items that are shipped in interstate commerce.

   f. The illegal sale, distribution, possession with intent to distribute, and trafficking in controlled substances, are activities that affect interstate commerce.

   g. The total, gross amount of the payments to Hayes in return for smuggling contraband was more than $6,500 and less than $15,000.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual

Plea Agreement - 5
U.S. v. Julio W. Hayes, CR21-5094 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

8. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

   a. A base offense level of fourteen (14) pursuant to USSG § 2C1.1(a)(1) because Defendant was a public official;

   b. A two (2) level enhancement pursuant to USSG § 2C1.1(b)(1) because the offense involved more than one bribe or extortion; and

   c. A four (4) level enhancement pursuant to USSG § 2C1.1(b)(3) because Defendant was a public official in a sensitive position.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

9. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

10. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

Plea Agreement - 6
U.S. v. Julio W. Hayes, CR21-5094 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

11. **Forfeiture of Assets.** Defendant understands that the forfeiture of assets is part of the sentence imposed in this case. Defendant agrees to forfeit to the United States, immediately, Defendant's right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to the offense set forth in Count 1 of the Indictment. This property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c), and includes, but is not limited to, a sum of money in the amount of $5,000 representing the proceeds Defendant personally obtained, directly or indirectly, as a result of his commission of the offense charged in Count 1 of the Indictment.

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effectuate such forfeiture; assisting in bringing any assets located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any of the above-described property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in or over which Defendant has any interest or control, if that property constitutes or is derived from proceeds of the offense charged in Count 1.

12. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation and moves to dismiss the remaining counts in the Indictment at the time of sentencing. In this regard, Defendant recognizes the United

Plea Agreement - 7
U.S. v. Julio W. Hayes, CR21-5094 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

13. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated

Plea Agreement - 8
U.S. v. Julio W. Hayes, CR21-5094 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

14. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this plea agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

    a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

    b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

15. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to

Plea Agreement - 9
*U.S. v. Julio W. Hayes*, CR21-5094 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

16. **Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

Plea Agreement - 10
U.S. v. Julio W. Hayes, CR21-5094RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

17. **Completeness of Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 6th day of July, 2021.

_____
JULIO W. HAYES
Defendant

_____
JOHN CARPENTER
Attorney for Defendant

_Nin for Justin Arnold_
_____
JUSTIN W. ARNOLD
Assistant United States Attorney

_____
MICHAEL DION
Assistant United States Attorney

Plea Agreement- 11
U.S. v. Julio W. Hayes, CR21-5094 RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800